# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JANE BEJERANO GARCIA,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>　　　　Defendant. | Case No. 1:19-cv-00545-SAB<br><br>ORDER GRANTING MOTION FOR LEAVE FOR LATE FILING OF DEFENDANT'S RESPONSIVE BRIEF<br><br>(ECF No. 16) |

Plaintiff Jane Garcia ("Plaintiff") seeks judicial review of a final decision of the Commissioner of Social Security ("Commissioner" or "Defendant") denying an application for disability benefits pursuant to the Social Security Act. On January 8, 2020, the parties filed a stipulated request for an extension of time for Defendant to file a responsive brief. (ECF No. 14.) The stipulation was not filed until after the deadline for Defendant to file the responsive brief had expired. On January 8, 2020, the Court denied the stipulated request because it did not contain a statement describing whether good cause existed for filing the request after the deadline. (ECF No. 15.) In the order, the Court emphasized that recently in two other matters, although involving different counsel, Defendant had belatedly filed similar requests for extensions of briefing, and the Court previously admonished Defendant for waiting until after the deadline had expired before filing the requests for extensions in those matters. (Id.)

On January 13, 2020, in response to the Court's denial of the stipulated request,

| | |
|---|---|
| 1 | Defendant filed a motion for leave for late filing, and a renewed request for an extension of time |
| 2 | to file Defendant's responsive brief. (Mot. Leave Late Filing Def.'s Resp. Br. ("Mot."), ECF |
| 3 | No. 16.) The motion was accompanied by a declaration of Deborah Lee Stachel (Stachel Decl., |
| 4 | ECF No. 16-1), a declaration of Sharon Lahey (Lahey Decl., ECF No. 16-2), and a declaration of |
| 5 | Oscar Gonzalez de Llano (Gonzalez Decl., ECF No. 16-3). Defendant moves for leave to file the |
| 6 | responsive brief and seeks an extension until January 31, 2020 to do so. (Mot. 1.) Plaintiff does |
| 7 | not oppose the motion. (Id.) |
| 8 | Turning to the contents of the motion, counsel Sharon Lahey affirms that she is a Special |
| 9 | Assistant Attorney and attorney of record in this case. (Mot. 2; Lahey Decl. ¶ 2.) Ms. Lahey |
| 10 | notes that Plaintiff's opening brief was filed on December 2, 2019, one week earlier than the |
| 11 | deadline of December 9, 2019. (Mot. 2.) Because of Ms. Lahey's health issues and an unusually |
| 12 | heavy briefing schedule, her office assigned Oscar Gonzalez de Llano to assist with case on |
| 13 | December 10, 2019. (Id.; Lahey Decl. ¶ 3; Gonzalez Decl. ¶ 2.) At the time, Ms. Lahey had not |
| 14 | updated the calendar with the revised briefing schedule to reflect Plaintiff's early filing, and |
| 15 | inadvertently failed to do so later. (Mot. 2.) Relying on the calendar, Mr. Gonzalez de Llano |
| 16 | incorrectly believed January 8, 2020 to be the deadline rather than January 2, 2020. (Id.; Lahey |
| 17 | Decl. ¶ 4; Gonzalez Decl. ¶ 3.) Mr. Gonzalez de Llano initially believed he could complete the |
| 18 | brief by the assumed deadline of January 8, 2020, however, on January 6, 2020, Mr. Gonzalez de |
| 19 | Llano realized that due to competing workloads and deadlines, holidays, and scheduled leave, he |
| 20 | had underestimated the time required. (Mot. 2; Gonzalez Decl. ¶ 4.) Mr. Gonzalez de Llano |
| 21 | reached out to Plaintiff to obtain a stipulation for an extension of less than thirty days, and |
| 22 | Plaintiff's counsel agreed on January 7, 2020. (Gonzalez Decl. ¶ 5.) Mr. Gonzalez de Llano did |
| 23 | not realize at the time that the deadline had advanced, and had he realized so, he would have |
| 24 | undertaken the steps to request an extension much earlier to comply with the scheduling order. |
| 25 | (Id. ¶ 6.) |
| 26 | Ms. Lahey, as the attorney of record, offers an apology to the Court on her and Mr. |
| 27 | Gonzalez de Llano's behalf, and affirms her intention to meet all future obligations with the |
| 28 | Court. (Mot. 2-3; Lahey Decl. ¶¶ 4-5; Gonzalez Decl. ¶ 8.) Ms. Stachel also highlights that the |

Defendant implemented a "smart hiring" program in July 2019, and at the national and regional levels, the Office of the General Counsel has not been able to replace most attorneys who retired or took new positions during the fiscal year 2019 and to date, resulting in heavy caseloads. (Stachel Decl. ¶ 3.) Ms. Stachel affirms her office is taking necessary action to correct calendaring errors, and thanks the Court for the "moderation shown in this case and others like it, and for the guidance the Court sought to provide my staff through these orders." (Stachel Decl. ¶¶ 3, 4, 6.)

The Court accepts Defendant's explanations for the late-filed stipulation and appreciates the affirmation that counsel intends to meet all future obligations to this Court. Given the minimal delay and the fact that Plaintiff does not oppose this motion, the Court shall grant the motion for leave to file a responsive brief and grant the request for an extension of the briefing deadline. However, the Court is mindful of staffing requirements which also affect the judiciary. These time consuming orders addressing matters involving a lack of diligence takes time away from the Court addressing substantive matters important to all parties. The Court's lecture series will soon end and rights of a party may be affected if that party is not diligent. The prudent course here by counsel, point these facts out when requesting the initial extension- Save time for all. Here endeth the lesson.

Accordingly, IT IS HEREBY ORDERED that:

1. Defendant's motion for leave for late filing (ECF No. 16), is GRANTED;
2. Defendant's responsive brief shall be filed on or before January 31, 2020; and
3. Plaintiff's reply brief, if any, shall be filed on or before February 17, 2020.

IT IS SO ORDERED.

Dated: **January 14, 2020**

UNITED STATES MAGISTRATE JUDGE